IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



KEVIN LAMONT WALKER,

    Petitioner,

v.                                              CRIMINAL ACTION NO. 4:95cr37(3)

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM ORDER*

This matter is before the Court on *pro se* Petitioner Kevin Lamont Walker's Motions for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b). ECF Nos. 479, 480, 486. The Court construes Petitioner's first Rule 60(b) motion as a second or successive 28 U.S.C. § 2255 petition. Because he filed it without authorization from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), his motion is **DENIED**. His second Rule 60(b) motion does not set forth a claim as to which he qualifies for relief. Accordingly, that motion is **DENIED**.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner was convicted in two separate federal criminal cases: Criminal Action No. 4:05cr5, before Chief Judge Rebecca Beach Smith, and Criminal Action No. 4:95cr37, before the undersigned judge. After having completed his terms of imprisonment in these cases, and while serving simultaneous yet separate terms of supervised release, Petitioner violated the terms of supervised release in both cases. Petitions and addenda were filed in each case alleging identical violations based on the same conduct.

On February 5, 2013, the undersigned judge found Petitioner in violation of his supervised release in the instant case, and sentenced him to twenty-four months imprisonment with no further term of supervised release to serve. On March 1, 2013, Chief Judge Smith also found Petitioner guilty of violating his supervised release in the other criminal action. Petitioner was sentenced to twelve months imprisonment to run consecutively with the sentence he received in the instant case, and the court also imposed a renewed forty-eight month term of supervised release to follow his period of incarceration.

Petitioner noted his appeal in the instant case, and counsel was appointed to represent him. On August 27, 2013, counsel timely filed an opening brief raising the issue of improper consideration of sentencing factors. Petitioner then filed a *pro se* amendment to his appeal brief on September 17, 2013, raising three additional issues. On December 23, 2013, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed Petitioner's sentence by per curiam opinion. *United States v. Walker*, 547 F. App'x 358 (4th Cir. 2013) (unpublished) cert. denied, 134 S. Ct. 1567 (U.S. 2014).

On January 10, 2014, Petitioner filed a § 2255 Motion. On May 30, 2014, the Court denied that motion. ECF No. 476. Petitioner subsequently filed a notice of appeal and also filed two motions pursuant to Federal Rule of Civil Procedure 60(b) on July 7 and July 16, 2014, along with a supporting memorandum. ECF No. 479, 480, 486. The Government did not file a Response.

## II. LEGAL STANDARD

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* litigants are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

Petitioner filed his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Petitioner cites subsection (4) of this provision, "the judgment is void," as the basis for his first motion. Petitioner does not cite a specific subsection in his second motion.

Although Petitioner has characterized his motion as one falling under Rule 60(b), the Fourth Circuit has held that district courts must nonetheless examine the substance of such a motion to determine whether it is actually the "functiona[l] equivalent to a successive [habeas] application," which "depends on the nature of the claims presented." *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). If a petitioner files "a motion directly attacking [his] conviction or sentence," such motion will usually amount to the functional equivalent of a habeas petition. However, where the motion "seek[s] a remedy for some defect in the collateral review process," then it is properly framed as a Rule 60(b) motion to reconsider and a district court may address it on its merits. *Id.* at 207.

If a motion labeled as one falling under Rule 60(b) should instead be treated as a habeas petition, then it is subject to the rules governing 28 U.S.C. § 2255 proceedings. Most notably for this case, those rules provide that "[b]efore a second or successive application permitted by this

3

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Winestock*, 340 F.3d at 206 (citation omitted). *See also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *McKinzie v. United States*, 2012 WL 170890, at *5 (S.D. W.Va. Jan. 20, 2012).

## III. DISCUSSION

### A. First Rule 60(b) Motion

In his first motion, Petitioner contends that the revocation of supervised release is "void" because he was denied counsel at his initial appearance on January 11, 2013. ECF No. 479, at 3. This argument squarely attacks Petitioner's conviction (*i.e.*, the revocation of his supervised release and ensuing sentence) and does not seek reconsideration of defects in the collateral review process. Accordingly, his motion must be characterized as a successive § 2255 petition. Title 28 United States Code §§ 2244(b)(3)(A) and 2255[2] require Petitioner to obtain authorization from the Fourth Circuit before filing such a motion. The Court has received no Fourth Circuit order authorizing it to consider this second § 2255 petition, and the record does not show that Petitioner has moved for such an order. Accordingly, Petitioner's motion is **DISMISSED** without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition.

---

[2] Section 2255(h) provides that "[a] second or successive motion must be certified . . . to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

4

In any event, his claim is meritless. Although it is true that Petitioner's initial appearance is what triggers the right to counsel, *Rothgery v. Gillespie Cnty., Tex.*, 554 U.S. 191 (2008), that does not meant that he has the right to counsel at that appearance. Indeed, the initial appearance is typically precisely where a defendant invokes their right to counsel. Fed. R. Crim. Pro. 5(d)(1)(B). There has to be some first event where a defendant can request counsel; often necessarily, they will not yet have representation at that proceeding. At Petitioner's initial appearance, he was informed that he had the right to counsel, and he stated that he wished to have counsel. He was then represented at all subsequent proceedings.

## B. Second Rule 60(b) Motion

In his second motion, Petitioner seeks reconsideration of the portion of the Court's May 30, 2014 Order denying him relief for the claim in his § 2255 motion that the Court lacked jurisdiction to revoke his supervise release. Because this claim alleges a defect in the collateral review process, it is appropriately brought pursuant to Rule 60(b). Nonetheless, Petitioner has not shown that he is entitled to relief under that provision. He simply rehashes the same argument that he did in his § 2255 motion, contending that the Court lacked jurisdiction to enter a judgment finding that he violated his supervised release because he was never served with a summons. The Court thoroughly addressed this issue in its prior Order, ECF No. 476, at 3-4, and Petitioner has not raised any new matter that warrants reconsideration of its prior decision.

Because there is no merit to Petitioner's claims, his second Rule 60(b) motion is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's first Rule 60(b) Motion is **DISMISSED** without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition. His second Motion is **DENIED**.

5

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's habeas petition on its merits, the petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner does not satisfy this standard; accordingly, the Court **DENIES** a certificate of appealability. Although Petitioner may not appeal the denial of his § 2255 Motion without a certificate of appealability, he may seek one from the Fourth Circuit. The Court **DIRECTS** the Clerk to send Petitioner a copy of the instructions and form packet for "Filing Motion Under 28 U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255."

The Court **ADVISES** Petitioner that he may appeal this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Court **DIRECTS** the Clerk to mail a copy of this Order to Petitioner and to the United States Attorney.

IT IS SO ORDERED.

Norfolk, Virginia
September 3, 2014

/s/
Raymond A. Jackson
United States District Judge

6